Common Pleas Court of Licking County.

FITZGIBBON, ADMR., V. WALCUTT ET AL.

Decided December 14, 1931.

*Fitzgibbon, Black & Fitzgibbon,* for plaintiff in error.
*H. E. Rutledge,* for defendants in error.

MOORE, J.

This case is submitted to the court on an agreed statement of facts. The plaintiff is the administrator with the will annexed of the late Charles M. Walcutt. The decedent, at the time of his death, was a member in good standing of the Pennsylvania Railroad Voluntary Relief

Department, of which Relief Department he became a member December 17, 1907. He designated his sister Malinda J. Walcutt as beneficiary in the certificate of membership, and on the 24th of January, 1922, he changed this beneficiary, under the rules of the company, and designated his wife, Marie Walcutt, as such beneficiary. On the 18th of July, 1930, he secured a divorce from his said wife, Marie Walcutt, and did not re-marry, and had no children at the time of his death, and made no change in the designation of Marie Walcutt, his wife, as beneficiary. The amount payable under this certificate is now claimed by this administrator and also by the former wife, Marie Walcutt.

There are a number of cases in Ohio, one being in the 8 Circuit Court (New Series), page 17, *Brotherhood of Railroad Trainmen* v. *Jane Taylor*, and another in the 19 Circuit Court, (New Series), *Blanche Mahar* v. *Rosie Mahar*, both of which cases hold that under the state of facts, which are the same as those in the case at bar, the divorced wife is not entitled to be paid the amount of the policy. In both of these cases, however, the question arose under what is known as fraternal beneficial associations, a form of insurance that is provided for in the statutes of the state of Ohio, which provide that a society having a ritual and otherwise complying with the statutes, may engage in the business of fraternal insurance and, further, the members of such beneficial association may designate as beneficiaries certain dependents named in the statute and no others.

The Pennsylvania Railroad Voluntary Relief Department, however, is not a fraternal beneficial association under the statutes, so this case must be decided not under the statutes of the state, but under the contract with the company.

Section 29 of the regulations of this *Voluntary Relief Department* provides: The payment of benefit on account of the death of a member shall be made in the following order: first, to the beneficiary or beneficiaries designated in the member's principal application; second,

if there is no such designated beneficiary living at the member's death then to the wife of the member; third, if there be no wife, it is provided that the payments shall be to the children; and, fourth, if there be no children, it shall be paid to the father and mother of the member, and if there is no such person in existence, the next of kin shall be entitled to such benefit.

In the case of *Brotherhood of Railroad Trainmen* v. *Taylor,* 9 Circuit Court Reports, (New Series), page 17, a case decided in Ross county, and one which arose under the statutes of the state and a case of a fraternal benefit association, Judge Jones, who is now on the Supreme Court bench of Ohio, and who does not base his decision entirely on the statutes, uses this language:

"This certificate provides as follows: 'That at the death of the member the death benefits shall be paid to Alice B. Taylor, his wife, if living, if not, to the executors or administrators in trust for his heirs at law.' We think that in the construction of the contract here the words 'Alice B. Taylor' should be taken as *descriptio personae,* as designating merely her status at the time of issue and for the purpose of construing the contract should be treated as surplusage; if that be the case, this certificate would read that the death benefits should be paid to his wife, if living; if there was no living wife, then to the administrator in trust, and we are supported in this conclusion by the language of the judge in a 55 Mo. App., case, *supra,* when he says in the course of his opinion:

" 'The rule of law of insurance that, if one have an insurable interest at the date of the policy, the policy is not vitiated by termination of that interest, does not apply in a case like this. This act is testamentary in its character in the respect that it speaks at the death to the member. As long as the lady who is now Mrs. Lally, filled the description given in the certificate she was under its protection, but when she ceased to fill that description her interest in the certificate ceased. On the death of H. A. Koster, the certificate, speaking for the first time, called for his wife and there was none to answer.' "

And to the same effect, we think, is the text in Joyce on Insurance, Section 818, where he says:

" 'The effect of divorce seems to be to terminate the relation of 'wife' under a mutual benefit certificate, so that if a wife is designated and she obtains a divorce, she loses her right to claim any part of the fund. This rule rests on the ground that the status of the beneficiary, being the sole inducement for the insurance, the object of the benefit is and always remains in the person filling that particular status, and the name, when given, is a mere descriptive designation. And this rule has been supported where the payment is the 'heirs or members of his family.' "

The application reads as follows: "I, Charles M. Walcutt, * * * do hereby direct that, in the event of my death, after the execution hereof, any death benefit, payable by virtue of my membership in the said Relief Fund shall be payable to my wife Marie Walcutt, and if any person now or hereafter designated by me to receive the death benefit shall not be living, or if there shall be no such person, the death benefit shall be payable as provided in the Regulations of the Relief Department for such event."

In the expression "my wife Marie Walcutt" there is no comma, and it seems to the Court that the designation in this application regardless of any statute controlling, is to the wife Marie Walcutt. Under this contract there is no vested right in Marie Walcutt, as there are in many insurance policies. The person to whom the certificate is issued may change it without consulting the beneficiary, and he designates not only that, "if my wife Marie Walcutt" shall not be living, but he also designates "or if there shall be no such person." Manifestly there was no such person as "my wife Marie Walcutt" living at the time of his death. True, there is a "Marie Walcutt," but she is not "my wife Marie Walcutt."

The court is forced to the conclusion that the beneficiary herein designated in this application is not now in existence, and the fund, therefore, goes to such persons as are designated in the Regulations in case there is no such beneficiary.

The judgment may, therefore, be for the plaintiff, and exceptions may be noted.